UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

    Plaintiff,

v.                                          Case No.  6:12-cv-498-Orl-22TBS

RESEARCH IN MOTION, LTD. and
RESEARCH IN MOTION, CORP.,

    Defendants.
_____/

ORDER

This patent infringement case comes before the Court on the parties' Joint Motion to Seal Confidential Documents (Doc. 127).  To protect their confidential and proprietary information in this litigation, the parties entered into a confidentiality agreement that permits them to designate documents and deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY."  The Court subsequently entered the parties' confidentiality agreement as its protective order (Doc. 100).  The protective order provides that any party desiring to file materials designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY," must first obtain leave of Court to file the materials under seal.  (Id. p. 18-19); see also (Case Management & Scheduling Order, Doc. 58 p. 4-5); Local Rule 1.09(a).

Plaintiff has filed a redacted version of its motion to compel and Defendants have filed a redacted version of their response to the motion (Doc. 110, 116).  The parties rely on and have included as exhibits to their motion papers, deposition testimony and documents that have been designated as "CONFIDENTIAL" or

"CONFIDENTIAL–ATTORNEY'S EYES ONLY." (Id.). The parties' joint motion seeks leave of Court to file the redacted information under seal to support the parties' arguments on the motion to compel (Doc. 127). The parties have provided the Court with a list, including title and description, of the materials they wish to file under seal (the "Confidential Information").

The parties aver that the Confidential Information contains Defendants' confidential technical information about its devices, business operations and legal department procedures, together with witness testimony concerning highly confidential subject matter (Id. p. 6). They allege that there is no other means available to them to acquaint the Court with the facts underlying their respective positions other than through use of the Confidential Information. And, they propose that the Confidential Information be sealed until the conclusion of this case (including any appeals), at which time they will make arrangements at their own cost to retrieve and dispose of the Confidential Information in accordance with the Court's protective order (Id. p. 7).

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)). The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311. But, the public's right of access is not unfettered and does not apply to discovery.

Romero, 480 F.3d at1245.  Indeed, "the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'" Id. (quoting United States v. Anderson, 799 F.2d 1438, 1441 (11th cir. 1986).  And, "[t]he prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests."  Chicago Tribune, 263 F.3d at 1312 n. 10.

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions.  "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'"  Id. at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).  Material filed as part of a discovery motion is not subject to the common law right of access.  Chicago Tribune, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."  Id. at 1246.

"Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009).  The parties' agreement to seal court documents "is immaterial" to the public's right of access.  Brown v. Advanatage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

The Court needs the Confidential Information to make an informed decision on Plaintiff's motion to compel.  It is satisfied that disclosure of the Confidential Information would harm the parties' legitimate and private interests; the Confidential Information does not concern public officials or concerns; and there is no available option less onerous than sealing the Confidential Information.  Therefore, the balance of interests weighs in favor of sealing the Confidential Information and the motion is GRANTED.  The parties may file the Confidential Information under seal and the Clerk of Court shall maintain the Confidential Information under seal until: (1) further Court order; or (2) the parties shall have 14 days from the conclusion of this case (including any appeals), within to make arrangements at their own cost to retrieve and dispose of the Confidential Information m in accordance with the Court's protective order.

DONE AND ORDERED in Orlando, Florida, on the 12th day of August, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel