UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

    Plaintiff,

v.                                          Case No: 6:12-cv-498-Orl-22TBS

BLACKBERRY LIMITED and
BLACKBERRY CORPORATION,

    Defendants.
_____

## ORDER

This case comes before the Court on the parties' second Joint Motion to Seal Additional Confidential Documents (Doc. 183). The motion follows on the heels of the parties' Joint Motion to Seal Documents (Doc. 127) and Joint Motion to Seal Additional Confidential Documents (Doc. 138), both of which the Court granted (Docs. 130, 145).

To protect their confidential and proprietary information in this litigation, the parties entered into a confidentiality agreement that permits them to designate documents and deposition testimony as "CONFIDENTIAL," or "CONFIDENTIAL–ATTORNEY'S EYES ONLY." The Court entered the parties' confidentiality agreement as a protective order (Doc. 100). The protective order provides that any party desiring to file materials designated as "CONFIDENTIAL," or "CONFIDENTIAL–ATTORNEY'S EYES ONLY," must first obtain leave of Court to file such information under seal. (Id. p. 18-19); see also (Case Management & Scheduling Order, Doc. 58 p. 4-5); M.D. FLA. LOCAL R. 1.09(a).

The parties seek leave of Court to file under seal: (1) an unredacted copy of Defendants' Motion to Compel (Doc. 161); (2) certain exhibits in support of the motion; (3) certain exhibits in support of Plaintiff's Response in Opposition to the Motion to Compel;

(4) exhibits in support of Defendants' Motion for Clarification; (5) an unredacted copy of Plaintiff's Response in Opposition to the Motion for Clarification (Doc. 181); (6) certain exhibits in support of Plaintiff's response; and (7) an unredacted copy of Defendants' Objection to Order on Motion to Exclude Portions of Plaintiff's Expert Reports (Doc. 165).[1]

The documents the parties wish to file under seal contain information that has been designated as "CONFIDENTIAL," or "CONFIDENTIAL–ATTORNEY'S EYES ONLY." The parties aver that the documents contain sensitive financial, technical, and otherwise proprietary information, including information about Defendants' devices and business operations. (Doc. 183, pp. 6-7). They allege that there is no means available to them to acquaint the Court with the facts underlying their respective positions other than through use of these confidential documents. (Id., pp. 7-8). They propose that the documents be sealed until the conclusion of this case (including any appeals), and that at the conclusion of the case, they will make arrangements at their own cost to retrieve the sealed materials and dispose of them in accordance with the Court's protective order. (Id., p. 8).

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern," and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). This right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311. But, the public's right of access is not unfettered and does not apply to discovery. Romero, 480 F.3d at 1245. Indeed, "the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose

---

[1] Defendants include an un-redacted copy of its objection, which the Court has ruled on (Doc. 179), only for completeness of the record.

[of which] is to assist trial preparation.'" Id. (quoting United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)).  And, "[t]he prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests." Chicago Tribune, 263 F.3d at 1312 n. 10.

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions.  "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" Romero, 480 F.3d at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).  Material filed as part of a discovery motion is not subject to the common law right of access.  Chicago Tribune, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313).  In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246.  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009).  The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

Upon due consideration, the Court finds that allowing public access to these documents could violate Defendants' legitimate and private interests. This case involves private parties and not public officials or public concerns, and keeping the documents confidential should not impair judicial functions. Lastly, the parties have not been able to identify a less onerous alternative to filing the documents under seal. Accordingly, the motion is **GRANTED**. The parties may file the following documents under seal:

| | | |
|---|---|---|
| Doc. 160-4 | Doc. 165 | Doc. 169-7 |
| Doc. 160-6 | Doc. 169-1 | Doc. 175-6 |
| Doc. 160-7 | Doc. 169-2 | Doc. 175-7 |
| Doc. 160-9 | Doc. 169-3 | Doc. 180-1 |
| Doc. 160-10 | Doc. 169-4 | Doc. 180-2 |
| Doc. 160-15 | Doc. 169-5 | Doc. 180-3 |
| Doc. 161 | Doc. 169-6 | Doc. 181 |

The Clerk shall maintain these documents under seal pending further order of the Court. If the documents are still under seal upon conclusion of the case (including appeals), then the parties shall make arrangements at their own cost to retrieve the sealed documents and dispose of them in accordance with the Court's protective order.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record