UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

    Plaintiff,

v.                                                     Case No.  6:12-cv-498-Orl-22TBS

BLACKBERRY LIMITED and BLACKBERRY
CORPORATION,

    Defendants.
_____/

ORDER

This case comes before the Court on RIM's Opposed Motion to Compel NXP to Provide Discovery on its New '654 Damage Claim (Doc. 164).[1]

I. Background

Plaintiff alleges that certain components of BlackBerry's smart phones and tablet computer products infringe Plaintiff's patents. (Doc. 1). The parties agreed to exchange contention interrogatories to provide their positions on which they would bear the burden of proof on each patent claim. (Doc. 118, p. 8). Plaintiff originally asserted claim 11 of the 6,434,654 patent (the "'654 patent") as one of the patents-in-suit. (Doc. 134, p. 14). In response to an interrogatory, Plaintiff stated that the earliest date for which it could recover damages based upon BlackBerry's alleged infringement of the '654 patent was April 2, 2012. (Doc. 117-20). Near the end of fact discovery, Plaintiff served an expert report on infringement and damages which calculates damages from the sale of products infringing the '654 patent beginning

---

[1] Research In Motion, Ltd. and Research In Motion Corp. have changed their corporate names to BlackBerry, Ltd. and BlackBerry, Corp. (collectively "BlackBerry"). (Docs. 167-168).

February 12, 2007. (Doc. 117-21). This change was the result of Plaintiff's decision to drop claim 11 of the '654 patent. (Doc. 174, p. 2). Because claim 11 is no longer an issue, Plaintiff contends that there is no longer a marking issue and it can claim damages from the date of first infringement. (Id.).

BlackBerry moved to exclude Plaintiff's expert report and the Court held a hearing on the motion. (Docs. 118, 147). After considering the parties' arguments, the Court found that between May 16, 2013, and July 17, 2013, BlackBerry was misled concerning the extent of plaintiff's '654 damage claim.[2] (Doc. 157). The Court also found that Plaintiff had timely corrected its earlier interrogatory answers as required by FED. R. CIV. P. 26(e)(1)(A) and denied the motion to exclude. (Id.).

In the pending motion to compel, BlackBerry asks the Court to require Plaintiff to produce a knowledgeable witness to testify on topics 8-10 of BlackBerry's Rule 30(b)(6) deposition notice concerning the factual basis for Plaintiff's expanded '654 patent damage claim. (Doc. 164, p. 5). These topics are:

> 8. The identity of all Covered Products developed, designed, manufactured, distributed, licensed, or sold by [Plaintiff].
>
> 9. The research, development, and design of all Covered Products developed, designed, manufactured, distributed, licensed, or sold by [Plaintiff].
>
> 10. The design and operation of any Covered Products developed, designed, manufactured, distributed, licensed, or sold by [Plaintiff].

(Doc. 164, p. 6).

---

[2]BlackBerry agrees except it contends the period of time during which it was misled is longer than the Court found. (Doc. 164, p. 3).

BlackBerry estimates this deposition will not take more than 2 ½ hours. (Id.). It alleges that when it deposed Plaintiff, its corporate representative, Aaron Waxler, was not prepared to answer questions regarding the details of Plaintiff's own products that supposedly practice the '654 patent. (Doc. 164, p. 5-7). BlackBerry also alleges that it did not have an opportunity to question Plaintiff about its new position on damages on the '654 patent. (Id., p. 7-9).

Plaintiff insists that Mr. Waxler was fully prepared and did testify on topic 8. (Doc. 174, p. 5). It also says Mr. Waxler was prepared to answer questions on topics 9 and 10 but counsel for BlackBerry failed to inquire. (Id., p. 6). Plaintiff argues that BlackBerry should not be given a second opportunity to ask questions it failed to ask at the deposition. (Id.). Plaintiff also maintains that after it served its expert witness report BlackBerry had plenty of time to take additional discovery on the '654 damage claim but chose not to do so. (Id.). Finally, Plaintiff argues that "Covered Products" are defined as products that practice any "Asserted Claim." (Id., p. 7). Plaintiff maintains that it currently does not sell any "Covered Products" because it does not practice any of the remaining "Asserted Claims." (Id.). On this basis, Plaintiff concludes that the requested deposition would be futile. (Id.).

BlackBerry is also asking the Court to compel Plaintiff to provide complete responses to its interrogatories numbered 3 and 22. (Doc. 164). These interrogatories ask Plaintiff to:

> 3. Identify each product (including prototypes) made, used, sold, or imported by You or Your licensees that embodies, that was made by, or that is used when practicing, the subject matter of any claim of any Asserted Patent or Related Patent.

> 22. Identify all licensees of the '654 patent that make, use, sell, offer to sell, or import into the United States an eMMC or uSD memory (as defined in NXP's Third Set of Interrogatories to [BlackBerry].

(Doc. 164, p. 10-11).

Plaintiff generally objected to both interrogatories while also supplying answers BlackBerry deems unsatisfactory. (Id., p. 10-14). BlackBerry asserts that these interrogatories are relevant to Plaintiff's position on damages on the '654 patent claim. (Id., p. 11). And, it complains that Plaintiff did not answer these interrogatories to the extent they ask about Plaintiff's licensees. (Id., p. 11-12).

Plaintiff argues that it does not make, use, sell, or import any product that embodies the subject matter of the remaining claims of the '654 patent. (Doc. 174, p. 8). Insofar as its licensees are concerned, it says it has not collected this information because its licenses do not require such reporting by its licensees. (Id.). Therefore, it says it can only answer based on its own knowledge and that the information BlackBerry is requesting is largely not within Plaintiff's knowledge or control. (Id.) It also alleges that because some of this information is publically available, BlackBerry can ascertain it just as easily as Plaintiff can. (Id.).

II. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1). There are boundaries, however,

-4-

and the Court can limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).

Corporations and other organizations can be deposed using the procedure in FED. R. CIV. P. 30(b)(6). The party taking the deposition must serve a notice which describes with reasonable particularity the topics for examination. Then the organization must designate a person or persons who consent to testify on its behalf, and it can state the matters on which each person designated will testify. Id. The persons designated by the organization must testify about information known or reasonably available to the organization. Id.

An organization has clear and important duties when designating and preparing a witness under Rule 30(b)(6). The deponent has a duty to be knowledgeable about the subject matter identified as the area of inquiry. See Alexander, 186 F.R.D. at 151 (citing United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996)); SEC v. Morelli, 143 F.R.D. 42, 44-45 (S.D.N.Y. 1992); In re Air Crash Disaster at Detroit Metro. Airport, 130 F.R.D. 627, 630-32 (E.D. Mich. 1989). The designating party has a duty to prepare the witness to testify on matters not only known by the witness, but those that should be reasonably known by the designating party. Id. (citing FED. R. CIV. P. 30(b)(6); Protective Nat'l Ins. v. Commonwealth Ins., 137 F.R.D. 267, 277-78 (D. Neb. 1989)). The purpose of a Rule 30(b)(6) deposition

"is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know." Id.  The designating party has a duty to designate more than one witness if necessary in order to respond to the relevant area of inquiry. Id. (citing FED. R CIV. P. 30(b)(6); Buycks-Roberson v. Citibank Fed. Sav. Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995)).  And, the designating party has a duty to substitute an appropriate deponent when it becomes apparent the previous deponent is unable to respond to certain relevant areas of inquiry.  Id. (citing Taylor, 166 F.R.D. at 360; Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)).  "All of these duties correspond to the ultimate underlying purposes of Rule 30(b)(6) – namely, preventing serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying,' which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby the organization itself."  Id. (citing FED. R. CIV. P. 30(b)(6) Adv. Notes, 1970 Amendment).  "When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent.  If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all."  Resolution Trust Corp. v. So. Union Co., Inc., 985 F.2d 196, 197 (5th Cir. 1993); see also Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., 228 F.3d 275, 304 (3d Cir. 2000) (stating that if a Rule 30(b)(6) witness is unable to give useful and relevant

information he is not "present" for the deposition); Continental Cas. Co. v. First Fin. Empl. Leasing, Inc., 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) ("If the designated deponent cannot answer questions regarding the subject matter as to which he is designated, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions.").

Interrogatories are a discovery tool to inquire about any matter within the scope of Rule 26(b). FED. R. CIV. P. 33(a)(2). Objections to interrogatories must be timely and specific or else the objection is waived unless the Court, for good cause, excuses the failure. FED. R. CIV. P. 33(b)(3). If a party fails to answer an interrogatory, or gives an improper or incomplete response, the opponent can move for an order compelling the discovery. FED. R. CIV. P. 37(a)(3)(B)(iii).

A party may answer an interrogatory by declaring under oath its lack of knowledge about what is asked. Nicholson v. United Techs. Corp., 697 F. Supp. 598, 608 (D. Conn. 1988). However, "[i]n answering interrogatories, a party is charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit." 8 Charles Alan Wright, Arthur R. Miller & Richard L Marcus, Federal Practice & Procedure § 2177 (3d ed. 1998). Accord Oklahoma v. Tyson Foods, Inc., 262 F.R.D. 617, 630 (N.D. Okla. 2009). A party that lacks knowledge of facts necessary to answer an interrogatory should say so in its response. Roberson v. Great Am. Ins. Companies of New York, 48 F.R.D. 404, 409 (N.D. Ga. 1969).

III. Discussion

BlackBerry complains that Plaintiff failed to designate a Rule 30(b)(6) witness who was prepared to testify on topics 8-10. Deposition topic 8 asked Plaintiff to produce a witness to testify concerning the identity of all "Covered Products" developed, designed, manufactured, distributed, licensed or sold by Plaintiff. "Identity" is not defined in the notice. It is generally understood to mean who or what someone or something is or the qualities and characteristics that make one person or thing different from another. Identity, Merriam-Webster.com. available at http://www.merriam-webster.com/dictionary/identity (accessed Oct. 30, 2013). Plaintiff produced Mr. Waxler, who was able to identify the Covered Products even if he didn't know how they were specifically identified for him by others. (Docs. 164, p. 6; 174, p. 5). Accordingly, the Court finds that Plaintiff complied with Rule 30(b)(6) and BlackBerry's motion to compel additional deposition testimony on topic 8 is DENIED.

Utilizing the definitions in BlackBerry's notice of taking depositions, topics 9 and 10 concern: (1) the research, development, design and operation of any; (2) product, method, system, device, technology, services, functions, actions, activities and/or component thereof; (3) that practices, embodies, incorporates, or is licensed under the patents-in-suit; (4) developed, designed, manufactured, distributed, licensed or sold by Plaintiff.[3] During the Rule 30(b)(6) deposition, Mr. Waxler testified

---

[3] The notice defines "Covered Products" as "any Product that practices, embodies, incorporates, or is licensed under any Asserted Claim of any Patents-in-Suit." (Doc. 160-2, ¶ 15). "Product" is defined as "any product, method, system, device, technology, services, functions, actions, activities and/or component thereof." (Id., ¶ 16). The "Patents-in-Suit" and "Asserted Patents" include the '654 patent. (Id., ¶ 11). An "Asserted

-8-

to some knowledge of the products Plaintiff sells and practices but he admitted a lack of technical knowledge to answer all of counsel's questions. He also lacked knowledge concerning the sale of certain products in the United States by others. (Waxler Dep. 112, 256-58, 262, 265-66, 283, 286). The Court finds, based upon reading the cited pages of Mr. Wexler's deposition testimony that Plaintiff did inquire concerning topics 9 and 10 and that Plaintiff failed to produce a witness sufficiently knowledgeable about the relevant facts.

Plaintiff argues that topics 9 and 10 are irrelevant because it no longer alleges that it practices claim 11 of the '654 patent. Given BlackBerry's inclusion of "licensed" in these topics, the Court reads them more broadly, to include Plaintiff's licensees, and finds that BlackBerry is entitled to make further inquiry.

The Court is not persuaded by Plaintiff's remaining argument, that BlackBerry failed to take advantage of the time available to conduct additional discovery on the '654 patent. BlackBerry's failure to undertake additional discovery does not excuse Plaintiff from its failure to fulfill its obligations under Rule 30(b)(6).

Accordingly, BlackBerry's motion to compel additional testimony on topics 9 and 10 is GRANTED. Counsel shall coordinate a further deposition on topics 9 and 10.

Concerning interrogatories 3 and 22, BlackBerry asserts that the success of Plaintiff's '654 patent damage theory depends, at least in part, on whether Plaintiff

---

Claim" means, for each Asserted Patent, those claims identified in [Plaintiff's] Amended Response to Subpart (a) of Plaintiff's [ ] Amended Responses and Objections to [BlackBerry's] First Set of Interrogatories [No. 1], served on February 15, 2013, and any additional claims subsequently added or asserted by Plaintiff. (Id., ¶ 12).

had a duty to mark under 35 U.S.C. § 287.  It argues that the marking requirement applies to Plaintiff and its licensees and says it is critical to know if Plaintiff's licensees practice the patent without marking their products.  (Doc. 164, p. 12).  The Court finds that these interrogatories were appropriately propounded to Plaintiff.

Plaintiff represents that it has not made, used, sold, or imported any product that embodies the subject matter of the asserted '654 claim.  (Doc. 174, p. 8).  It also states that it has not collected this information from its licensees, and that BlackBerry can access publically available information on this topic as easily as Plaintiff can.  (Id.).  This does not relieve Plaintiff of its duty to answer the interrogatories to the best of its ability based upon its own knowledge, information immediately available to it, and information under its control, whether personally known to Plaintiff or not.  <u>Essex Builders Group, Inc. v. Amerisure Ins. Co.</u>, No. 6:04-cv-1838-Orl-22JGG, 230 F.R.D. 682, (M.D. Fla. 2005).  <u>See also</u> <u>Fort Washington Resources, Inc. V. Tannen</u>, 153 F.R.D. 78, 79 (E.D. Penn. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be . . . obtainable from another source.").  Plaintiff's answers to interrogatories 3 and 22 are deficient and must be supplemented.  Accordingly, BlackBerry's motion to compel better answers to interrogatories 3 and 22 is GRANTED.  Within 14 days from the rendition of this Order, Plaintiff shall fully answer BlackBerry's interrogatories 3 and 22.

DONE AND ORDERED in Orlando, Florida, on October 31, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel