UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

    Plaintiff,

v.                                                                                                                            Case No.  6:12-cv-498-Orl-YK-TBS

BLACKBERRY LIMITED and BLACKBERRY
CORPORATION,

    Defendants.
_____/

ORDER

    This case comes before the Court on BlackBerry's Motion for Leave to File Under Seal (Doc. 359), in which Defendants seek leave of Court to file their response to NXP B.V.'s Motion for Enforcement of the Court's Protective Order and Rule 502(d) Order (Doc. 346) under seal.  Plaintiff opposes the motion.  The trial of this case will begin on March 24, 2014 and resolution of Plaintiff's motion for enforcement may impact the parties' trial presentations.  To avoid possible delay or disruption of the trial, the Court enters this Order before receiving a written response from Plaintiff.

    On March 28, 2013, the Court entered its Protective Order Governing Confidential Information (Doc. 100) to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over the confidentiality of discovery materials, adequately protect the information the parties and third parties are entitled to keep confidential, and ensure that the parties are permitted reasonably necessary uses of such information in preparation for trial.  The Protective Order provides for the designation of certain information as "CONFIDENTIAL," "CONFIDENTIAL-

ATTORNEY'S EYES ONLY," or "CONFIDENTIAL-ATTORNEY'S EYES ONLY-COMPUTER SOURCE CODE."

Any party that desires to file information carrying a "CONFIDENTIAL" designation, must prepare and file a redacted version and prepare and file a motion for leave to file the unredacted materials under seal.  In addition to complying with M.D. Fla. Rule 1.09, the motion must indicate the general nature of the materials, the confidentiality designation applied, and the party responsible for such designation.  The party producing the information bears the burden of demonstrating the need for under-seal treatment.

Defendants aver that their response in opposition to Plaintiff's motion for enforcement will rely upon and include exhibits Plaintiff has designated as "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEY'S EYES ONLY.  Although contested, the pending motion is similar in form and substance to prior motions to seal filed jointly by the parties (Docs. 127, 138, 183, 264, 295, and 349) which the Court granted (Docs. 130, 145, 184, 265, 296, and 353).  Upon due consideration, the Court finds that at this stage in the proceedings, Defendants has sufficiently identified the items to be filed under seal.  They have also shown good reasons why the filing of each item is necessary; why the sealing of each item is necessary; and that there are no other means available to the parties except to file the items under seal.  Accordingly, the motion is GRANTED.  Defendants may file their response in opposition to NXP B.V.'s Motion for Enforcement of the Court's Protective Order and Rule 502(d) Order (Doc. 346), including the exhibits to their response, under seal.

These items shall remain under seal until further order of Court or until the conclusion of this case, including all appeals, whichever occurs first. Once Defendants' opposition to Plaintiff's motion for enforcement is filed, and the Court has had the opportunity to view it, the Court may revisit its decision to seal Defendants' papers. If the Defendants' opposition remains sealed, then the parties shall have 30 days from the conclusion of the case to make arrangements at their own cost to retrieve the sealed materials and dispose of them in accordance with the Protective Order.

DONE AND ORDERED in Orlando, Florida, on March 14, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel