UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

     Plaintiff,

v.                                                                          Case No.  6:12-cv-498-Orl-YK-TBS

BLACKBERRY LIMITED and BLACKBERRY
CORPORATION,

     Defendants.

_____/

ORDER

This case comes before the Court on the parties' Joint Motion for Leave to File

Under Seal Confidential Documents (Doc. 370) and Defendants' Unopposed Motion

for Leave to File BlackBerry's Motion to Compel Disclosure of NXP's Archived Emails

Under Seal (Doc. 372).

The parties agree that this patent infringement case involves confidential and

proprietary information relating to their businesses and customers, and that the

disclosure of such information to third parties and, in some cases, to each other,

would be harmful to their respective businesses and customer relationships.  (Doc.

370).  At the outset of the case, the parties entered into a confidentiality agreement to

restrict the dissemination of confidential documents and deposition testimony.  (Id.).

On March 28, 2013, the Court entered its Protective Order Governing

Confidential Information (Doc. 100) to expedite the flow of discovery materials,

facilitate the prompt resolution of disputes over the confidentiality of discovery

materials, adequately protect the information the parties and third parties are entitled

to keep confidential, and ensure that the parties are permitted reasonably necessary uses of such information in preparation for trial.  The Protective Order provides for the designation of certain information as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEY'S EYES ONLY," or "CONFIDENTIAL-ATTORNEY'S EYES ONLY-COMPUTER SOURCE CODE."

Any party desiring to file information carrying a "CONFIDENTIAL" designation, must prepare and file a redacted version and prepare and file a motion for leave to file the unredacted materials under seal.  In addition to complying with M.D. Fla. Rule 1.09, the motion must indicate the general nature of the materials, the confidentiality designation applied, and the party responsible for such designation.  The party producing the information bears the burden of demonstrating the need for under-seal treatment.

Plaintiff seeks leave of Court to file a Motion to Compel Disclosure, together with certain exhibits in support of the motion, under seal.  (Doc. 370).  As grounds, it alleges that its motion relies upon and will include exhibits that have been designated as CONFIDENTIAL, or CONFIDENTIAL-ATTORNEY'S EYES ONLY.  (Id.).  Defendants join in the motion.  (Id.).

Defendants seek leave of Court to file their Motion to Compel Disclosure of NXP's Archived Emails under seal.  (Doc. 372).  They aver that their motion relies upon and includes exhibits Plaintiff maintains contain privileged information.  (Id.).  Plaintiff does not oppose Defendants' motion.  (Id.).

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings.  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)).  The public's right "includes the right to inspect and copy public records and documents."  Chicago Tribune, 263 F.3d at 1311.  But, the public's right of access is not unfettered and does not apply to discovery.  Romero, 480 F.3d at1245.  Indeed, "the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'"  Id. (quoting United States v. Anderson, 799 F.2d 1438, 1441 (11th cir. 1986).  "The prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests."  Chicago Tribune, 263 F.3d at 1312 n. 10.

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions.  "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'"  Id. at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).  Material filed as part of a discovery motion is not subject to the common law right of access.  Chicago Tribune, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's

-3-

interest in keeping the information confidential." Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009). The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advanatage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

Allowing public access to documents which have been designated as CONFIDENTIAL, CONFIDENTIAL – ATTORNEY'S EYES ONLY, or which are otherwise privileged could harm the parties' legitimate interests. See, e.g., Trailer Bridge, Inc. v. PCS Nitrogen, Inc., 2009 WL 2231704, at *1 (M.D. Fla. July 23, 2009) (granting motion to seal materials required by contract to be "treated as confidential and exempt from publication to third parties"). These proceedings involve private parties, not public officials or public concerns, and keeping this information confidential should not impair judicial functions. And, the parties have been unable to identify a less onerous alternative to filing the documents containing confidential and privileged information under seal.

-4-

The pending motions are similar in form and substance to prior motions to seal filed jointly by the parties (Docs. 127, 138, 183, 264, 295, and 349) which the Court granted (Docs. 130, 145, 184, 265, 296, and 353).  Upon due consideration, the Court finds that the parties have sufficiently identified the items to be filed under seal.  They have also shown good reasons why the filing of each item is necessary; why the sealing of each item is necessary; and that there are no other means available to the parties except to file the items under seal.  Accordingly:

(1) The parties' Joint Motion for Leave to File Under Seal Confidential Documents (Doc. 370) is GRANTED.  Plaintiff may file its Motion to Compel Disclosure, including Exhibits 1 through 12 under seal.

(2) Defendants' Unopposed Motion for Leave to File BlackBerry's Motion to Compel Disclosure of NXP's Archived Emails Under Seal (Doc. 372) is GRANTED. Defendants may file their Motion to Compel Disclosure of NXP's Archived Emails, including Exhibits 1and 2 under seal.

These items shall remain under seal until further order of Court or until the conclusion of this case, including all appeals, whichever occurs first.  The parties shall have 30 days from the conclusion of the case to make arrangements at their own cost to retrieve the sealed materials and dispose of them in accordance with the Protective Order.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida on March 17, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel