UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

    Plaintiff,

v.                                              Case No.  6:12-cv-498-Orl-YK-TBS

BLACKBERRY LIMITED and BLACKBERRY
CORPORATION,

    Defendants.
_____/

ORDER

This case comes before the Court without oral argument on BlackBerry's Motion to Quash Trial Subpoenas Directed to Witnesses in Canada (Doc. 383). Plaintiff has not filed a response to the motion and the time within to do so has expired. The motion is due to be GRANTED.

The jury trial of this controversy is scheduled to begin on March 24, 2014 in the United States District Courthouse in Orlando, Florida. On March 10, 2014, Plaintiff served by e-mail on Defendants' counsel, trial subpoenas directed to George Drozdyuk, Mahesh Narayanan and Jacek Nawrot. Plaintiff did not provide checks for the witnesses' fees or mileage with the subpoenas. (Id.). Messrs Drozdyuk, Narayanan and Nawrot are engineers employed by Defendants, who reside and work in Canada. None of them are employed or regularly transact business in Florida. Each was designated by Defendants as a FED.R.CIV.P. 30(b)(6) witness, and they were all deposed by Plaintiff in June, 2013. Plaintiff has designated portions of their deposition testimony for use at trial.

Defendants argue that service on Drozdyuk, Narayanan and Nawrot was deficient and therefore, the subpoenas must be quashed. A subpoena must be delivered to the person named in the subpoena. FED.R.CIV.P 45(b)(1). Here, the subpoenas were delivered to counsel for the witnesses' employers.

When a subpoena requires a person to attend a trial, hearing, or deposition, the party causing the subpoena to be issued and served must tender the witness fee for one day and the milage allowed by law. Id. This was not done.

"A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED.R.CIV.P 45(c)(1). The Court takes judicial notice that Canada is a foreign country, more than 100 miles from Orlando, Florida. These witnesses do not reside, are not employed, and do not regularly transact business in Florida. Therefore, they cannot be compelled by Plaintiff's subpoenas to appear and testify at the trial.

Title 28 U.S.C. § 1783 addresses service of a subpoena on a person in a foreign country. The statute provides:

> (a) A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him, if the court finds that particular testimony or the production of the document or other thing

>    by him is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner.
>
>    (b) The subpoena shall designate the time and place for the appearance or for the production of the document or other thing. Service of the subpoena and any order to show cause, rule, judgment, or decree authorized by this section or by section 1784 of this title shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country. The person serving the subpoena shall tender to the person to whom the subpoena is addressed his estimated necessary travel and attendance expenses, the amount of which shall be determined by the court and stated in the order directing the issuance of the subpoena.

28 U.S.C. § 1783

There is no evidence that Drozdyuk, Narayanan or Nawrot are nationals of the United States, the record affirmatively shows that they do not reside in the United States, and Plaintiff has already obtained their testimony by deposition.

For these reasons, the Court finds that Plaintiff's trial subpoenas were not properly or validly served on Drozdyuk, Narayanan and Nawrot and they are QUASHED.

DONE AND ORDERED in Orlando, Florida, on March 20, 2014.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel