UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

      Plaintiff,

v.                                   Case No.  6:12-cv-498-Orl-YK-TBS

BLACKBERRY LIMITED and BLACKBERRY
CORPORATION,

      Defendants.

_____/

ORDER

      Pending before the Court is BlackBerry's Motion to Strike Untimely Expert Reports of Donald Alpert and Roy Weinstein (Doc. 381).  Plaintiff has not filed a response in opposition to the motion and the time within to do so has expired.

      Five business days before the trial of this case is scheduled to begin, Plaintiff served three supplemental expert witness reports on Defendants.  (Docs. 381-1, 381-2, and 381-3).  Defendants have motioned the Court to strike all three reports.

      Federal Rule of Civil Procedure 26(a)(2)(C) requires parties to disclose all expert evidentiary material they may rely on at trial, and that the disclosure be made at the times established by the court.  Rule 26(e) imposes a duty on the parties to supplement their Rule 26(a) disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court."  FED.R.CIV.P. 26(e)(1). For expert witnesses "[a]ny additions or changes to this information must be disclosed

by the time the party's pretrial diclosures under Rule 26(a)(3) are due."  F ED.R.CIV.P.

26(e)(2).

Rule 37(c)(1) provides an enforcement mechanism for Rule 26 by forbidding

the use at trial, of information required to be disclosed by Rule 26(a) that has not been

properly disclosed.  Rule 37 makes an exception if the failure to timely disclose the

required information "was substantially justified or is harmless."  F ED.R.CIV.P.

37(c)(1).

The Court's Case Management and Scheduling Order ("CMSO") provides:

> On or before the date set forth in the above table for the disclosure
> of expert reports, the party shall fully comply with Federal Rule of
> Civil Procedure 26(a)(2) and 26(e).  Expert testimony on direct
> examination at trial will be limited to the opinions, bases, reasons,
> data, and other information disclosed in the written expert report
> disclosed pursuant to this Order.  Failure to disclose such
> information may result in the exclusion of all or part of the testimony
> of the expert witness.

(Doc. 58 at 3).  The parties had until July 17, 2013 to disclose their expert witnesses

and until August 21, 2013 to disclose their rebuttal experts.  (Doc. 113).

Defendants object to the Second Supplemental Expert Report of Donald Alpert,

Ph.D Concerning Infringement of U.S. Patent No. 6,434,654 dated March 13, 2014,

and the Supplemental Expert Report of Donald Alpert, Ph.D Concerning Infringement

of U.S. Patent No. 6,501,420 dated March 14, 2014.  (Docs. 381-1 and 381-3).  In

these supplemental reports, Dr. Alpert cites to additional documents he says were

produced after the close of discovery, which support his opinions.

Defendants argue that both of Dr. Alpert's supplemental reports should be

stricken because he has failed to provide any notice of the supplemental opinions he

intends to present at trial, and his statements expand the scope of his opinions. Defendants' arguments miss the mark.  Dr. Alpert has not offered any new opinions in his supplemental reports.  What he has done is reference additional documents which add to the basis and reasons for his opinions.  However, both reports are untimely under Rule 26(e)(2) and the CMSO.  And, neither supplement purports to correct any inaccuracy or incompleteness in Dr. Alpert's opinions.  Accordingly, both supplemental reports are STRICKEN.

Defendants also complain about the Supplemental Expert Report of Roy Weinstein (Doc. S-399).  Mr. Weinstein cites to additional documents which he says confirm his previously voiced opinions.  He also states that he may rely on these additional documents at trial.  (Id. at 8).  In addition, Mr. Weinstein provides what Defendants say are new, increased damage figures based upon press releases, many of which were available before he submitted his initial expert report.  (Id. at 9).  In addition to being untimely, Defendants argue that these new damage estimates should be excluded as speculative and unreliable under Rules 403 and 708 of the Federal Rules of Evidence.  (Id.).

The Court agrees that Mr. Weinstein's supplemental report is untimely and that Plaintiff has not shown that the late disclosure of this information is "substantially justified or is harmless."  FED.R.CIV.P. 37(c)(1).  Accordingly, Mr. Weinstein's supplemental report is STRICKEN.

DONE AND ORDERED in Orlando, Florida, on March 21, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel