# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **NXP B.V.,** ) | |
| ) | Case No. 6:12-cv-498-ORL-YK-TBS |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **BLACKBERRY LIMITED and** ) | |
| **BLACKBERRY CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF NXP B.V.'S MEMORANDUM ON USE OF 30(B)(6) DEPOSITION TESTIMONY

Plaintiff NXP B.V. ("NXP") respectfully submits the instant memorandum in response to the Court's statements regarding NXP's intended use of certain 30(b)(6) deposition testimony at trial.  NXP intended – and still intends – to use certain deposition testimony from Defendants BlackBerry Ltd. and BlackBerry Corp.'s (collectively, "BlackBerry") 30(b)(6) witnesses in which the corporate witnesses testify that they "do not know" in response to technical subject matters for which they were designated as the 30(b)(6) witness.  But based on BlackBerry's misrepresentation that NXP was somehow attempting to "re-litigate discovery issues," the Court precluded NXP from using BlackBerry's 30(b)(6) deposition testimony in opening statements.  For the reasons set forth below, the Court should change course and permit NXP to play certain BlackBerry 30(b)(6) witness deposition testimony at trial.

As a threshold matter, Fed. R. Civ. P. 32 provides full justification for NXP's use of BlackBerry's 30(b)(6) deposition testimony:

> (3) *Deposition of Party, Agent, or Designee.*  An adverse party may ***use for any purpose*** the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, ***or designee under Rule 30(b)(6)*** or 31(a)(4).[1]

Clearly, the express language of the Federal Rules establishes that NXP is entitled to use BlackBerry's 30(b)(6) witness testimony at trial.

Regarding BlackBerry's erroneous contention that NXP is attempting to "re-litigate discovery," there is simply no "re-litigating" taking place here.  To the contrary, NXP considers BlackBerry's 30(b)(6) witness testimony to be final and binding on BlackBerry.  In *QBE Ins. Corp. v. Jorda Enters.*,[2] the Southern District set forth the "guiding principles" of

---

[1] Fed. R. Civ. P. 32(a)(3) (emphasis added).
[2] 277 F.R.D. 676 (S.D. Fla 2012).

30(b)(6) depositions in a "*de facto* Bible governing corporate depositions," which stated, in relevant part:

> When a corporation's designee legitimately lacks the ability to answer relevant questions on listed topics and the corporation cannot better prepare that witness or obtain an adequate substitute, then the "we-don't-know" response can be binding on the corporation and prohibit it from offering evidence at trial on those points. Phrased differently, the lack of knowledge answer is itself an answer which will bind the corporation at trial.[3]

Here, NXP seeks nothing more than to bind BlackBerry to its 30(b)(6) witnesses' "lack of knowledge answer[s]" at trial. Indeed, NXP intends to rely on BlackBerry 30(b)(6) "I don't know" answers to prevent BlackBerry from presenting at trial fact testimony that contradicts previous testimony to the surprise of NXP.[4] As Districts in this state have held, "[t]he absence of knowledge is, by itself, a fact that may be relevant to the issues in a given case."[5] Because NXP seeks to bind BlackBerry to its 30(b)(6) answers – and not to "re-litigate discovery" as BlackBerry contends – the Court should permit NXP to play the BlackBerry 30(b)(6) deposition testimony at trial.

In sum, NXP is entitled to use BlackBerry's 30(b)(6) deposition testimony for any purpose. BlackBerry's vague and unsupported statement that NXP is attempting to "re-litigate discovery" is erroneous and changes nothing. Accordingly, NXP

---

[3] *Id.* at 690 (citations omitted); *see also Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991 WL 66799, *3 (E.D. Pa. Apr. 15, 1991) (if party's 30(b)(6) witness, because of lack of knowledge or failing memory, provides a "don't know" answer, then "that is itself an answer" and the corporation "will be bound by that answer").

[4] *See United States v. Taylor*, 166 F.R.D. 356, 363 (1996) (rule prevents "sandbagging" and prevents corporation from making a "half-hearted inquiry before the deposition but a thorough and vigorous one before the trial").

[5] *Chick-Fil-A v. ExxonMobil Corp.*, No. 08-61422-CIV, 2009 U.S. Dist. LEXIS 109588, *38 2009 WL 3763032, at *13 (S.D. Fla. Nov. 10, 2009).

respectfully requests that the Court permit it to play certain BlackBerry 30(b)(6) witness deposition testimony at trial.

Dated:  March 25, 2014

Respectfully Submitted,

*/s/ Denise M. De Mory*

Denise M. De Mory
Thomas A. Zehnder, Esq.
Florida Bar No.: 0063274
Taylor F. Ford, Esq.
Florida Bar No. 0041008
KING, BLACKWELL, ZEHNDER & WERMUTH P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone:  (407) 422-2472
Facsimile:  (407) 648-0161
Email:  tzehnder@kbzwlaw.com
Email:  tford@kbzwlaw.com


Denise M. De Mory (Admitted *pro hac vice*)
Matthew F. Greinert (Admitted *pro hac vice*)
Aaron R. Hand (Admitted *pro hac vice*)
Cliff Win (Admitted *pro hac vice*)
BUNSOW, DE MORY, SMITH & ALLISON LLP
600 Allerton Street, Suite 101
San Francisco, CA 94063
Telephone:  (650) 351-7248
Facsimile:  (415) 351-7253
E-Mail:  ddemory@bdiplaw.com
E-Mail:  mgreinert@bdiplaw.com
E-Mail:  ahand@bdiplaw.com
E-Mail:  cwin@bdiplaw.com

***Counsel for Plaintiff NXP B.V.***

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Courts by using the ECF system.

Dated:  March 25, 2014

                                                        */s/ Denise M. De Mory*
                                                        Denise M. De Mory