UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

       Plaintiff,

v.                                   Case No.  6:12-cv-498-Orl-22TBS

BLACKBERRY LIMITED and BLACKBERRY
CORPORATION,

       Defendants.

_____/

<u>ORDER</u>

This patent infringement case comes before the Court post-trial on the

following motions:

       Motion to Redact Pursuant to Doc. 414 (Doc. 493);

       Motion to Redact Pursuant to Doc. 436 (Doc. 496);

       Motion to Redact Pursuant to Doc. 446 (Doc. 499);

       NXP's Motion to Redact Portions of the Trial Transcripts and Seal Exhibits
       (Doc. 519);

       Blackberry's Motion to Seal Certain Trial Exhibits and Redact Portions of the
       Trial Transcript as to the First Week of Trial (Doc. 497);

       Blackberry's Partly Opposed Motion to Seal Certain Trial Exhibits and
       Redact Portions of March 31, 2014 Trial Transcript (Doc. 501);

       Blackberry's Partly Opposed Motion to Seal Certain Trial Exhibits and
       Redact Portions of April 1, 2014 Trial Transcript (Doc. 502); and

       Blackberry's Partly Opposed Motion to Seal Certain Trial Exhibits and
       Redact Trial  Transcript (Doc. 520).

I. Background

Plaintiff NXP B.V. ("NXP"), brought this lawsuit alleging that Defendants

BlackBerry Ltd. and BlackBerry Corp. (collectively "BlackBerry") directly and/or indirectly infringed U.S. Patent Nos. 6,501,420; 6,434,654; and 6,434,455.  Blackberry denied infringing the '420 patent and argued that the patents-in-suit were invalid.  It also contended that even if NXP could establish that the patents-in-suit were valid and infringed, NXP could not establish by a preponderance of the evidence that it was entitled to any sum of money as damages.

The Court entered an agreed, pre-trial Protective Order Governing Confidential Information to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties and third parties were entitled to keep confidential, ensure that only materials the parties and third parties were entitled to keep confidential were subject to such treatment, and ensure that the parties were permitted reasonably necessary uses of such materials in preparation for trial (the "Protective Order").[1]  (Doc. 100). Under the Protective Order, parties could designate as confidential for protection, any document, information or material that constituted or included, in whole or in part, confidential or proprietary information or trade secrets of the party or a third party to whom a party reasonably believed it owed an obligation of confidentiality.  Information could be designated "Confidential," "Confidential – Attorney's Eyes Only," or "Confidential – Attorney's Eyes Only – Computer Source Code."  The Protective Order dealt with pretrial discovery; it did not preclude the parties from using or introducing confidential information into evidence at trial.

---

[1] The Protective Order was amended to address concerns raised by non-party CSR Technology, Inc.  (Doc. 108).

This case was tried and the jury returned its verdict for Blackberry.  (Doc. 484).

Now, the parties seek to redact and seal portions of the trial transcript and certain

admitted trial exhibits on the grounds that they contain confidential and proprietary

information.

## II. Legal Standard

In this Circuit, it is well settled that "[t]he operations of the courts and the

judicial conduct of judges are matters of utmost public concern" and the integrity of the

judiciary is maintained by the public's right of access to court proceedings.  Romero v.

Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns,

Inc. v.Virginia, 435 U.S. 829, 839 (1978)).  The public's right "includes the right to

inspect and copy public records and documents."  Chicago Tribune Co. v.

Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good

cause, which requires balancing the asserted right of access against the other party's

interest in keeping the information confidential."  Romero, 480 F.3d at 1245 (quoting

Chicago Tribune, 263 F.3d at 1313).  In balancing these interests "courts consider,

among other factors, whether allowing access would impair court functions or harm

legitimate privacy interests, the degree of and likelihood of injury if made public, the

reliability of the information, whether there will be an opportunity to respond to the

information, whether the information concerns public officials or public concerns, and

the availability of a less onerous alternative to sealing the documents."  Id. at 1246,

see also Bovie Med. Corp., 2010 U.S. Dist. LEXIS 114485 at **3-5; Medai, Inc. v.

-3-

Quantros, Inc., No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012).  "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury."  Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009).  The parties' agreement to seal court documents "is immaterial" to the public's right of access.  Brown v. Advanatage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).  And, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  Graphic Packaging Int'l, Inc. v. C.W. Zumbiel, No. 10-cv-891, 2010 U.S. Dist. LEXIS 143284, at **3-4 (M.D. Fla. Oct. 27, 2010) (internal citations and quotations omitted).

Middle District of Florida Rule 1.09 provides that in the absence of a statute, rule, or order, the party seeking to seal information must file a motion which "includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal."  M.D. FLA. R. 1.09(a).

### III. The Motions

NXP is asking the Court to redact and seal sections of the trial transcript and admitted exhibits which contain information concerning: (1) the calculation and

amount of NXP's damage claim; (2) the relationship between NXP and a company called IP Value; (3) the reasons why NXP perceived BlackBerry as a potential licensee of some of its patents; (4) discussions between representatives of NXP, IP Value and BlackBerry concerning NXP's patent assertions; (5) NXP's economic mind set during those discussions; (6) NXP's efforts to license its patents to other companies; and (7) the value of NXP's patents.  NXP argues that this is confidential information regarding its business operations and the business operations of non-parties which qualifies as Confidential – Attorney's Eyes Only material under paragraph 9 of the Protective Order.

BlackBerry opposes NXP's motions.  It argues that NXP's assertions of confidentiality are conclusory, that NXP failed to adequately describe the information it wishes to have sealed in violation of M.D. Fla. R. 1.09, and failed to provide a reasonable basis for sealing each item.  The Court agrees with BlackBerry that NXP's motions lack the requisite specificity.  Nevertheless, the Court has read every entry in the trial transcript and reviewed every trial exhibit (including watching the DVD's), identified by the parties, and has made an independent determination as to each.

BlackBerry also opposes NXP's motions because it says, NXP is asking the Court to seal information NXP has already affirmatively made public, and NXP's requests to seal are not narrowly tailored or consistent.  Finally, BlackBerry objects that NXP has "cherry-picked" the testimony and exhibits it does not want made public because they may be damaging to its case.  BlackBerry cites no authority for this last objection which the Court finds irrelevant to the task of balancing the public's right of

access against the parties' interest in keeping their information confidential.

BlackBerry has motioned the Court to redact and seal trial testimony and exhibits concerning: (1) how its Facebook Places application works, including excerpts of the source code for the application; (2) license agreements between BlackBerry and other companies including rights acquired, types of royalties, and amounts BlackBerry was willing to pay for certain functionality; (3) the royalty rate NXP's expert damage witness developed; (4) the comparability of patents covered by certain licenses to the patents-in-suit; (5) what certain source code does in BlackBerry telephones; (6) in what files certain functionality is located; (7) certain chips in BlackBerry telephones and how certain chips interact; and (8) conversations between BlackBerry's senior director of commodity management, sourcing and procurement and NXP's global account director for the BlackBerry account.  BlackBerry is also asking the Court to redact and seal its financial documents, competitive market analysis, schematics and related technical documents.  BlackBerry argues that this information should be redacted and sealed because it concerns source code, license agreements and related testimony which is highly confidential and in some cases, subject to third party confidentiality obligations.

NXP agrees that BlackBerry's source code, certain testimony concerning that source code, BlackBerry's license agreements, certain testimony concerning those license agreements, third party documents, and deposition transcripts and related exhibits should be redacted and sealed.  But, it complains that BlackBerry has refused to give reciprocal treatment to the documents and testimony concerning NXP's

contracts with third parties, and NXP's negotiation strategy regarding its patent portfolio.

NXP objects to the sealing of BlackBerry's bills of materials because many of them are old, and sourcing information is readily obtainable from websites that specialize in the "teardown" of electronics.  NXP concedes that recent pricing information may arguably be confidential and does not object if BlackBerry redacts that information.  It objects to the sealing of four "market requirements" documents and a presentation concerning the BlackBerry 8820 because the information is general in nature and substantively obsolete.  NXP suggests that it would not object to the sealing of confidential information in these documents.  And, NXP objects to the sealing of BlackBerry's schematics and related technical exhibits on the grounds that much of the information is already available publically, or relates to devices that are obsolete and no longer sold.

NXP and BlackBerry agree that this case does not involve public officials or public concerns.  They assert that disclosure of the information they seek to protect, beyond what has already occurred in open court during trial, would be harmful to them and the interests of non-parties.  And, they agree that keeping the information confidential should not impair judicial functions, and that the parties have been unable to identify a less onerous alternative to redacting and sealing the information.

NXP proposes that the seal remain in place until the conclusion of the case (including any appeals), at which time it will make arrangements at its own cost to retrieve the redacted and sealed materials and dispose of them in accordance with

the Protective Order.  BlackBerry asks that the information remain sealed until it

moves the Court to unseal the exhibits and portions of the transcript it desires to keep

confidential.

## IV. Trial Exhibits

After considering the parties' arguments and the applicable law, the Court finds

that the following exhibits contain confidential and sensitive information which, if

disclosed, would damage the parties or third partes.  This constitutes good cause to

seal many of the trial exhibits.  Accordingly, the Court GRANTS the motions in part

and directs the Clerk to SEAL the following trial exhibits:

> PX 111
>
> PX 112
>
> PX 112A
>
> PX 120
>
> PX 131
>
> PX 136
>
> PX 152
>
> PX 154
>
> PX 155
>
> PX 180
>
> PX 255
>
> PX 262
>
> PX 282

PX 416

PX 515

PX 516

PX 517

PX 518

PX 519

PX 522

PX 545

PX 575

PX 583

PX 584

PX 623

PX 975

PX 997

PX 1033

PX 1034

PX 1037

PX 1048

PX 1057

PX 1059

PX 1206

PX 1387

PX 1388

PX 1389

PX 1390

PX 1435

PX 1436

PX 1437

PX 1438

PX 1439

PX 1440

PX 1441

PX 1442

PX 1443

PX 1444

PX 1445

PX 1446

PX 1447

PX 1448

PX 1449

PX 1450

PX 1451

PX 1452

PX 1453

PX 1454

PX 1456

PX 1457

PX 1458

PX 1459

PX 1460

PX 1461

PX 1462

PX 1463

PX 1464

PX 1465

PX 1467

PX 1468

PX 1469

PX 1470

PX 1471

PX 1472

PX 1473

PX 1474

PX 1475

PX 1476

PX 1477

PX 1478

PX 1479

PX 1480

PX 1481

PX 1482

PX 1483

PX 1484

PX 1485

PX 1486

PX 1487

PX 1488

PX 1489

PX 1490

PX 1641

PX 1863

PX 1928

PX 1931

DX 99

DX 101

DX 161

DX 376

DX 377

DX 378

DX 401

DX 438

DX 438A

DX 442

DX 442A

DX 447

DX 452

DX 863

DX 865

DX 866

DX 867

DX 868

DX 873

DX 874

DX 875

DX 876

DX 934

DX 1048

DX 1093

DX 1122

DX 1124

DX 1125

DX 1126

The following excerpts of the testimony of Michael Crowley taken June 25, 2013 (PX 2317): 10:56 through 10:58; 11:50 through 11:51; 3:08 through 3:10; and 3:11 through 3:12.

BlackBerry motioned the Court to seal PX 570.  The Court did not find this exhibit but did locate DX 570 which it declines to seal.

The Court will seal any pricing information contained in the following bills of materials:

PX 91

PX 92

PX 93

PX 94

PX 95

PX 96

PX 97

PX 98

PX 99

PX 100

PX 101

PX 102

PX 103

-14-

PX 104

PX 105

PX 106

PX 107

PX 128

PX 134

PX 181

PX 182

PX 183

PX 184

PX 185

PX 186

PX 187

PX 188

PX 409

PX 467

PX 468

BlackBerry has 14 days from the rendition of this Order within to submit Michael Crowley's redacted testimony and redacted copies of BlackBerry's bills of materials for inclusion in the public record.  The Clerk shall keep the unredacted DVD (PX 2317), and the unredacted bills of materials under seal.

V. Trial Transcript

After considering the parties' arguments and the applicable law, the Court finds

that the following excerpts of the trial transcript contain confidential and sensitive

information which, if disclosed, would damage the parties or third partes.  This

constitutes good cause to redact and seal these excerpts.  Accordingly, the Court

GRANTS the motions in part and directs the Official Court Reporter and the Clerk to

REDACT and SEAL the following excerpts of the trial transcript:

March 24, 2014

Page 90, line 3

Page 92, line 7

Page 157, line 15 through page 159, at line 1

March 26, 2014

Page 45, line 6 through page 46, line 14

Page 46, line 20 through page 48, line 7

Page 48, line 14 through page 49, line 13

Page 117. Line 8 through page 121, line 20

Page 217, line 2

Page 219, line 4

Page 222, line 2

Page 223, lines 20 through 22

Page 224, lines 4 through 8

Page 225, line 2

Page 226, lines 11 and 12

Page 227, lines 7 through 9

Page 227, lines 19 through 23

Page 228, line 8

March 28, 2014

Page 51, lines 13 through 16

Page 56, lines 23 through 25

Page 57, lines 5 through 7

Page 58, lines 2 and 10

Page 59, lines 12 and 22

Page 63, lines 3 through 5

Page 66, lines 7 and 8

Page 79, lines 6 through 8

Page 79,lines 13 through 21

Page 80, lines 2 through 14

Page 81, lines 1 through 6

Page 83, lines 4 and 5

Page 102, lines 13 and 14

Page 137, lines 4 through 7

Page 140, line 13 through page 141, line 3

Page 141, lines 21 and 22

Page 146, lines 6, 7, and 18

Page 148, line 25 through page 149, line 2

Page 149, lines 8 through 11

Page 149, lines 17 through 19

Page 151, lines 21 through 23

Page 154, lines 12 through 23

Page 155, line 16 through page 156, line 23

Page 157, lines 1 through line 22

Page 158, lines 3 through 11

Page 158, lines 15 through 24

Page 159, lines 19 through 21

Page 160, lines 3 through 24

Page 161, lines 1 and 2

Page 161, lines 8 through 14

Page 191, lines 23 and 24

Page 192, lines 13 through 18

Page 193, lines 1 through 3

Page 193, lines 10 through 25

Page 194, line 2 through page 195, line 9

Page 196, line 19 through line 25

Page 197, lines 16 through 19

Page 198, lines 4 through 13

Page 198, lines 18 through 23

Page 199, lines 1 through 4, and 19

Page 202, line 17 through page 203, line 2

Page 203, line 15 through page 204, line 23

Page 205, lines 1 through page 9

Page 205, lines 20 through 25

Page 208, lines 16 through 21

Page 209, lines 17 through 19

Page 212, lines 8 through 10

Page 212, lines 18 through 25

Page 213, line 1

Page 213, lines 8 through 25

Page 214, lines 1 through 8

Page 215, line 12 through page 217, line 19

Page 220, lines 23 through 25

Page 221, lines 13 through 25

Page 222, line 8 through page 223, line 4

Page 223, lines 10 through 23

Page 228, lines 4 through 24

March 31, 2014

Page 35, lines 6 through 9

Page 35, line 14 through page 37, line 11

Page 37, line 16 through page 38, line 6

Page 38, lines 12 through 19

Page 39, lines 5 through 11

Page 39, lines 17 through 20

Page 40, line 7

Page 45, line 4

Page 94, lines 8 through 11

Page 94, lines 13 through 19

Page 95, line 8 through page 96, line 24

Page 97, lines 8 through 15

Page 97, line 22 through page 98, line 24

Page 99, lines 4 through 9

Page 99, lines 14 through 25

Page 100, line 6 through page 101, line 25

Page 123, lines 22 and 23

Page 124, lines 3 and 4

April 1, 2014

Page 163 line 10 through page 164, line 6

Page 164, lines 16 through 21

Page 165, lines 1 through 7

Page 165, lines 11 through 20

Page 184, line 11 through page 185, line 3

Page 190, lines 22 through 24

Page 191, lines 6 through 12

Page 192, lines 8 through 21

Page 193, lines 5 through 8

Page 211, lines 15 through 22

Page 212, lines 8 through 20

Page 213, lines 5 through 16

Page 214, lines 2 through 14

Page 222, lines 22 through 25

April 2, 2014

Page 149, lines 1 through 8 and line 25

Page 150, lines 1 through 10

Page 156, lines 4 and 5

Page 160, line 9

Page 161, lines 2 through 9

Page 167, lines 9 and 10

April 3, 2014 (Morning Session)

Page 31, lines 15 through page 32, line 3

Page 84, line 11 through page 85, line 16

April 3, 2014 (Afternoon Session)

Page 36, lines 14 through 18

Page 37, line 6 through page 38, line 16

Page 42, line 2

Page 42, line 8

Page 49, lines 11 through 15

Page 50, lines 1 and 2

Page 51, lines 8 through 17

Page 52, line 13 through page 53, line 10

Page 54, lines 12 through 15

Page 56, lines 16 through 24

Page 62, line 23 through page 63, line 4

Page 64, lines 4 through 17

Page 65, lines 3 through 25

Page 66, lines 3 through 8

Page 66, lines 15 and 16

Page 67, lines 4 through 9

Page 67, lines 16 through 20

Page 68, lines 8 through 25

Page 69, line 7

Page 69, line 23 through page 70, line 6

Page 81, lines 7 through 10

Page 82, lines 18 through 20

Page 85, lines 9 and 10

Page 85, lines 17 and 18

Page 85, lines 24 and 25

Page 87, lines 1 and 2

Page 87, lines 12 and 13

Page 87, lines 15 and 16

Page 87, line 24 through page 88, line 2

Page 11 lines 12 through 22

Page 89, lines 1 and 2

Page 91, lines 10 through 24

Page 92, lines 3 through 15

Page 93, lines 6 through 11

Page 93, line 18 through page 94, line 7

Page 94, line 13

Page 94, line 15

Page 95, lines 5 through 7

Page 95, lines 18 through 23

Page 96, lines 13 through 15

Page 96, line 19 through page 97, line 20

Page 98, lines 2 through 6

Page 98, lines 18 through 25

April 4, 2014 (Afternoon Session)

Page 44, lines 12 through 15

Page 45, lines 3 through 5

Page 47, lines 9, 22, and 23

Page 57, lines 20 through 24

Page 100, line 19 through page 102, line 6

Page 104, lines 22 through 24

Page 108, line 1

Page 108, line 6

Page 108, line 24 through page 109, line 1

With the exception of the trial exhibits and excerpts listed above, the parties' motions to redact and seal are DENIED.

The exhibits and excerpts to be redacted and sealed shall remain under seal until further order of Court or until the conclusion of this case, including all appeals, whichever occurs first.  The parties will have 30 days from the conclusion of the case to make arrangements at their own cost to retrieve the sealed materials and dispose of them in accordance with the Protective Order.

DONE AND ORDERED in Orlando, Florida, on August 15, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

All Counsel
Clerk of Court
Official Court Reporter