UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NXP B.V.,

    Plaintiff,

v.                                                    Case No. 6:12-cv-498-Orl-22TBS

BLACKBERRY LIMITED and BLACKBERRY
CORPORATION,

    Defendants.
_____/

ORDER

    This case comes before the Court on Defendants' Time-Sensitive BlackBerry Expedited Motion to Clarify and/or Reconsider the Order Granting in Part and Denying in Part Motions to Seal (DKT. No. 552) (Doc. 555). Defendants request an order sealing seven additional trial exhibits which the Court may have overlooked or inadvertently omitted from its earlier Order (Doc. 552), sealing parts of the trial record. Plaintiff opposes the motion for all the reasons it opposed Defendants' earlier motions to seal parts of the trial record. (Doc. 556).

    Courts in this district have granted motions for reconsideration of an order on the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Group, Inc., 497 F.Supp.2d 1356, 1358 (M.D. Fla. 2007) (citing True v. Comm'r of the I.R.S., 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000)). The Court has reviewed the exhibits in question to determine whether its earlier decision not to seal them was clear error.

Plaintiff's Exhibit 124 is a 36 page document titled "Market Requirements Document for BlackBerry Maps 2.1." Defendants argue that this exhibit contains highly confidential technical specifications regarding Defendants' products. After reviewing the exhibit, the Court is not persuaded and therefore, Defendant's motion directed to PX 124 is DENIED.

Plaintiff's Exhibit 1076 is an 11 page document consisting of "Unit Sales, Revenue, COGS, GM$ of Specified Materials." Defendants argue that this exhibit contains highly confidential and competitively sensitive forecasts, revenue figures, costs of goods sold, and other sensitive information. The Court agrees, GRANTS Defendants' motion as to this exhibit, and ORDERS the Clerk to SEAL Exhibit 1076.

Defendants argue that PX 1186 contains confidential and sensitive pricing information of the type the Court ordered redacted from Defendants' Bills of Materials. The Court agrees. Accordingly, Defendants' motion as to PX 2317 is GRANTED and the pricing information can be redacted. Defendants have 14 days from the rendition of this Order within to file PX 1186 with the pricing information redacted. The redacted exhibit shall be part of the public record. Once the redacted exhibit is filed, the Clerk is ORDERED to SEAL the un-redacted version of PX 1186.

Defendants ask the Court to seal PX 1207 titled "Market Requirements Document 'The L-Series.'" The Court reviewed Defendants' earlier motions (Docs. 497, 501, 502, 520) and did not locate a motion to seal this exhibit. Regardless, the Court has reviewed this 61 page exhibit and is not persuaded that good cause exists to seal it. Accordingly, Defendant's motion directed to PX 1207 is DENIED.

Plaintiff's Exhibit 1455 is 13 pages of schematic drawings similar to other schematics the Court previously found good cause to seal.  Upon review of PX 1455 the Court finds that it contains confidential and sensitive information which, if disclosed, would damage a party or third party.  Accordingly, Defendants' motion directed to PX 1455 is GRANTED and the Clerk is ORDERED to SEAL this trial exhibit.

Plaintiff's Exhibit 2048 is titled "RIM"s Sixth Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories."  Defendants argue that the interrogatory answers contain highly confidential and competitively sensitive forecasts, revenue figures, costs of goods sold, and other sensitive information.  After reviewing the exhibit the Court is not persuaded and Defendants' motion directed to PX 2048 is DENIED.

Plaintiff's Exhibit 2317 includes the video-taped deposition of Michael Crowley.  Defendants argue that the testimony at 11:51-11:53 (or page 94:9-20) should be sealed because it contains confidential price information.  The Court agrees.  Accordingly, Defendants' motion directed to PX 2317 is GRANTED and the testimony at time stamp 11:51-11:53 can be redacted.  Defendants have 14 days from the rendition of this Order within to file Michael Crowley's redacted testimony which shall be part of the public record.  Upon the filing of the redacted testimony, the Clerk is ORDERED to SEAL Michael Crowley's un-redacted testimony.

The exhibits and excerpts to be redacted and sealed pursuant to this Order shall remain under seal until further order of Court or until the conclusion of this case,

including all appeals, whichever occurs first.  The parties will have 30 days from the conclusion of the case to make arrangements at their own cost to retrieve the sealed materials and dispose of them in accordance with the Protective Order (Doc. 100).

DONE AND ORDERED in Orlando, Florida, on August 27, 2014.

*THOMAS B. SMITH*
United States Magistrate Judge

Copies to:

All Counsel
Clerk of Court